UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANEIKA BAINES,

    Plaintiff,

v.

MONARCH RESOLUTIONS,

    Defendant.

_____/

CASE NO.

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, TANEIKA BAINES ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, MONARCH RESOLUTIONS ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## **PARTIES**

6. Plaintiff is a natural person who resides in Tampa, Hillsborough County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Amherst, New York.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

12. Defendant constantly and continuously places collection calls to Plaintiff approximately six (6) times a day seeking and demanding payment for an alleged debt for an online cash advance.

13. Defendant placed collection calls to Plaintiff from telephone number 716-462-4329

14. Defendant threatened to file a lawsuit against the Plaintiff. To date no lawsuit

VERIFIED COMPLAINT                                                                                                       2

has been filed.

15. Defendant has threatened Plaintiff by stating it is going to garnish Plaintiff's wages. To date, no wages have been garnished.

16. Defendant disclosed the existence of Plaintiff's alleged debt to Plaintiff's mother at telephone number 813-985-5154.

17. Defendant placed collection calls to Plaintiff from different numbers and failed to identify themselves as a debt collector.

18. Defendant disclosed the existence of Plaintiff's alleged debt to Plaintiff's grandmother at telephone number 813-374-8628.

19. Defendant threatened to get Plaintiff arrested.

20. Defendant contacted Plaintiff's friend Robert Smith at telephone number 863-233-3683 and stated that Defendant was from the police department and asked for Plaintiff's address.

21. Defendant disclosed the existence of the alleged debt to Plaintiff's friend Robert Smith.

22. Defendant is extremely rude and abusive to the Plaintiff during the collection calls.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to state that collector is confirming or correcting location information;

   b) Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating

VERIFIED COMPLAINT                                                                                 3

that the consumer owes any debt;

c) Defendant violated §1692c(B) of the FDCPA by contacting anyone except consumer, consumer's attorney, or credit bureau concerning the debt;

d) Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient to the Plaintiff;

e) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

f) Defendant violated §1692d(2) of the FDCPA by using abusive language;

g) Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

h) Defendant violated §1692d(6) of the FDCPA by placing telephone calls without disclosing his/her identity;

i) Defendant violated §1692e by false, deceptive, or misleading representation or means in connection with the debt collection;

j) Defendant violated §1692e(2) of the FDCPA by misrepresenting the character, amount, or legal status of the alleged debt;

k) Defendant violated §1692e(4) of the FDCPA by stating to the Plaintiff that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment;

l) Defendant violated §1692e(5) of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so;

m) Defendant violated §1692e(7) of the FDCPA by stating that the consumer committed any crime or other conduct in order to disgrace the consumer;

n) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt or obtain information about a consumer; and

o) Defendant violated *§1692e(10)* of the FDCPA by using a name other than the true name of the debt collector's business.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Declaratory judgment that the Defendant's conduct violated the FDCPA;

25. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

26. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

27. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax: (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TANEIKA BAINES hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, TANEIKA BAINES, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, TANEIKA BAINES, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11/16/12

_____
TANEIKA BAINES,
Plaintiff